**SILVERMAN | THOMPSON | SLUTKIN | WHITE | LLC**
WILLIAM N. SINCLAIR, ESQ. (SBN 222502)
bsinclair@silvermanthompson.com
400 East Pratt Street, Suite 900
Baltimore, Maryland 21202
Telephone: (410) 385-2225
Facsimile: (410) 547-2432

*Attorney for Plaintiff JFUN AR I LLC*

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

JFUN AR I LLC,

    *Plaintiff,*

 vs.

LA PRODUCE DISTRIBUTORS LLC
1601 East Olympic Boulevard, Building 100
Los Angeles, California 90021
Care of registered agent:
Matthew Clark
1601 East Olympic Blvd., Bldg. 100
Los Angeles, California 90021

    *Defendant.*

Case No.:

**COMPLAINT FOR BREACH OF CONTRACT**

COMPLAINT

Plaintiff, JFUN AR I LLC ("Plaintiff") alleges, on the basis of personal knowledge and/or information and belief, as follows:

## SUMMARY

This is an action by Plaintiff for breach of contract against Defendant, LA Produce Distributors LLC ("Defendant" or "LA Produce").

## PARTIES

1. *Plaintiff*: Plaintiff JFUN AR I LLC is a limited liability company organized under Delaware law with a registered office located at 1209 Orange Street, Wilmington, Delaware 19801. On October 8, 2024, Plaintiff and Silo Technologies, Inc. ("Silo") entered into that certain Bill of Sale and Assignment Agreement and a Transfer, Assignment, and Assumption Agreement pursuant to which Silo assigned all of its right, title, and interest in the claims against LA Produce to Plaintiff.

2. *Defendant*: Defendant LA Produce Distributors LLC is a limited liability company organized under California law with a principal place of business located at 1601 East Olympic Blvd., Bldg. 100, Los Angeles, California 90021.

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because LA Produce is domiciled in California, Plaintiff is domiciled in Delaware, and the amount in controversy exceeds $75,000.00.

4. Venue is proper in the County of San Francisco, California, in accordance with the terms of the parties' contract which provide that venue shall lie in this county.

COMPLAINT FOR BREACH OF CONTRACT

**DIVISIONAL ASSIGMENT**

5.      This action should be assigned to the San Francisco Division because the action arose in the County of San Francisco, and the parties' contract provided that venue shall lie in the County of San Francisco.

**THE SILO CASH ADVANCE PROGRAM**

6.      LA Produce entered into the Silo Cash Advance Program by executing the Silo Cash Advance Program Order Forms which incorporated the Silo Cash Advance Master Services Agreement (the "Cash Advance MSA"). The Silo Cash Advance Program Order Forms and Cash Advance MSA are collectively referred to herein as the "Agreement." LA Produce signed order forms dated June 27, 2023; July 7, 2023; August 1, 2023; August 31, 2023; September 29, 2023; October 30, 2023; November 29, 2023; December 29, 2023; January 30, 2024; February 28, 2024; and March 29, 2024. True copies of the Cash Advance Program Order Forms are attached collectively and incorporated by reference as Exhibit A collectively. A true copy of the Cash Advance MSA is attached and incorporated by reference as Exhibit B.

7.      Pursuant to the Agreement, LA Produce agreed to sell, and Plaintiff, as assignee, agreed to purchase, LA Produce's future receivables in exchange for an upfront purchase price. *See* Ex. B, ¶ 1.1 ("[LA Produce] hereby sells to [Plaintiff] as absolute owner all [Plaintiff] Receivables until [Plaintiff] receives the Total Remittance Amount pursuant to the terms of this Agreement. [Plaintiff] shall pay [LA Produce] the Purchase Price in exchange for the [Plaintiff] Receivables."). LA Produce authorized Plaintiff to debit an agreed bank account for the Estimated Periodic Remittance for each Remittance Period. *See* Ex. B, ¶ 3.1.

8. LA Produce agreed to remit the full amount of the purchased receivables through weekly debits until Plaintiff received the full amount of purchased receivables.

9. LA Produce agreed to "cause all [Plaintiff] Receivables and all funds received in connection therewith to be deposited into the Bank Account and held in trust for [Plaintiff] in the Bank and collect all Receivables diligently and promptly in accordance with applicable law." Ex. B, ¶ 5.4.

10. Paragraph 7.1(a) of the Agreement defines an event of default to include, among other things, "[LA Produce] defaults in the performance of any provision hereof, or of any other agreement now or hereafter entered into with [Plaintiff], breaches any covenant or warranty made herein, or any representation contained herein proves to be false in any way, whether material or immaterial." Ex. B.

11. LA Produce defaulted by failing to remit the Estimated Periodic Remittances in accordance with the Agreement. Upon information and belief, LA Produce continues to operate and generate revenue and receivables without remitting any portion thereof to Plaintiff. LA Produce has breached its obligation to hold its receivables in trust for Plaintiff.

12. LA Produce agreed that if a default occurred, it would pay Plaintiff any remaining amount of future receivables not yet remitted plus other amounts owed, including expenses and reasonable attorneys' fees incurred by Plaintiff due to LA Produce's breach. See Ex. B, ¶¶ 7.2-3.

13. As of May 1, 2025, LA Produce is indebted to Plaintiff for at least $2,155,417.60 pursuant to the Agreement. This debt includes late fees, accrued interest, and attorneys' fees as authorized under the parties' Agreement.

14. On March 6, 2025, Plaintiff sent a demand letter to LA Produce notifying LA Produce of its default, but the default remains uncured. A true copy of the demand letter is attached and incorporated by reference as Exhibit C.

3
COMPLAINT FOR BREACH OF CONTRACT

## FIRST CAUSE OF ACTION
### (Breach of Contract)

15. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

16. The Agreement formed a binding contract between Plaintiff and LA Produce.

17. Plaintiff performed its obligations under the Agreement by purchasing of LA Produce's future revenue.

18. On February 27, 2024, and December 19, 2024, LA Produce materially breached the Agreement by placing stop payments on the approved bank account thereby preventing Plaintiff from collecting the amount of future receivables it had purchased.

19. LA Produce continues to carry on its business and receive payments from its customers in the ordinary course of its business without making remittances to Plaintiff.

20. LA Produce's material breach of the Agreement caused damage to Plaintiff in the form of the unpaid future receivables, which Plaintiff purchased, but which have not been delivered to Plaintiff, plus the attorneys' fees and costs of enforcing its legal right to payment.

WHEREFORE, Plaintiff, JFUN AR I LLC, as successor in interest to Silo Technologies, Inc., demands:

(a) Judgment against Defendant LA Produce Distributors LLC in an amount greater than $2,155,417.60 plus costs, interest, and attorneys' fees and any and all other relief to which this Court finds Plaintiff is entitled.

Dated: May 27, 2025          SILVERMAN THOMPSON SLUTKIN & WHITE

By: */s/ William N. Sinclair*
William N. Sinclair (SBN 222502)
SILVERMAN|THOMPSON|SLUTKIN|WHITE
400 East Pratt Street, Suite 900
Baltimore, Maryland 21202

COMPLAINT FOR BREACH OF CONTRACT

Telephone: (410) 385-2225
Facsimile: (410) 547-2432
bsinclair@silvermanthompson.com